820 F.2d 406
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roland VANDERSCHMIDT, Plaintiff-Appellant,
v.
SHELLER-GLOBE CORPORATION, Defendant-Appellee.
 No. 86-1013.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1987.
 
 Before KEITH, KENNEDY and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Roland Vanderschmidt ("plaintiff") appeals the District Court's order granting the motion of defendant-appellee Sheller-Globe Corporation ("defendant" or "Sheller-Globe") for a directed verdict of no cause of action and awarding defendant attorney fees. Plaintiff also appeals the District Court's denial of his motion for a new trial and the court's refusal to admit certain testimony on the ground that it was hearsay. Plaintiff claims on appeal that defendant breached an implied employment contract by permanently laying him off from a continuing position without cause. He additionally claims that the award of attorney fees was improper, that the District Court abused its discretion in denying his motion for a new trial, and that certain testimony relating to whether plaintiff's position was terminated should have been admitted as an exception to the hearsay rule.
 
 
 2
 Plaintiff applied for a position with Sheller-Globe while he was an employee of another corporation. He was interviewed by Mr. Weinberg, then Director of Research and Development of Sheller-Globe. Mr. Weinberg and plaintiff exchanged several letters setting forth their understanding of the employment relationship. Plaintiff does not allege that these letters set forth a "just cause" standard of termination. Both parties agree that Mr. Weinberg told plaintiff that if he performed well, he would do well in the company because it had a policy of promoting from within. Plaintiff was hired for the position of process and plant engineer at defendant's Michigan facility on November 1, 1962. Plaintiff does not assert that he signed an employment contract or any document regarding the duration of the employment relationship.
 
 
 3
 Plaintiff apparently had a good to excellent performance record. In 1974 and 1980, when defendant was undergoing staff reductions, plaintiff's supervisor, Richard Powell, expressed his hope that plaintiff would not be laid off. Mr. Powell apparently also made a statement to the effect that plaintiff would be one of the employees transferred to Toledo as part of a consolidation process. Mr. Powell was not, however, connected in any way with the personnel operations of the corporation.
 
 
 4
 Defendant manufactures and sells a variety of products to many customers. It relies heavily on sales to the automotive industry. From 1979 to 1982, defendant was forced to reduce its work force from 14,334 employees to 7,741 employees. Defendant's Policy Committee decided that all non-essential positions in the Research and Development Center must be eliminated and that the operation would be moved to Toledo, Ohio, along with a group from Lima, Ohio. Plaintiff's position was determined to be non-essential and plaintiff was laid off. Mr. Powell testified that the decision to lay off plaintiff was made for several reasons.[1] First, the Research and Development Center's Technical Bulletin, to which plaintiff had devoted a significant percentage of his time, would no longer be published. Second, plaintiff's primary expertise was in designing new equipment to be used in the processes leading to the manufacture of products. At the time of the layoff, there would be little need for new processes. Last, Powell testified that the company divisions would be handling their own process and plant engineering work, making plaintiff's work redundant.
 
 
 5
 Plaintiff sued defendant in the District Court for the Eastern District of Michigan, claiming that his layoff breached an implied employment contract and constituted age discrimination in violation of the Elliot-Larsen Civil Rights Act, M.C.L.A. Sec. 37.2101 et seq. Aside from the statements made by Mr. Weinberg and Mr. Powell, plaintiff relied on defendant's "Salaried Employee's Handbook" to support his breach of contract claim. He cited in particular the section entitled "Layoffs" which provides in relevant part:
 
 
 6
 When it becomes necessary to effect a reduction in force due to general or specific business conditions, it is the intent of the Company to respect the length of service of employees to a degree that is consistent with the maintenance of an efficient operation. Specifically this is to be interpreted that where a reduction in force is to take place in a particular classification or area, an employee with the greater length of service with the Company will be retained in preference to an employee with a lesser amount of service, provided the more senior employee has the qualifications and ability to perform the work that must be accomplished during the period while the reduction is in effect.
 
 
 7
 Salaried Employee's Handbook at 12. At the close of plaintiff's proofs, defendant moved for a directed verdict of no cause of action. The District Court granted defendant's motion as to the contract claim, holding that "the statements and Sheller-Globe Employee Handbook upon which plaintiff relies do not establish an employment contract under the doctrine of Toussaint v. Blue Cross & Blue Shield of Michigan, 408 Mich. 579, 292 N.W.2d 880 (1980)." Joint Appendix at 201. The jury returned a verdict of no cause of action on the age discrimination claim. The District Court entered a judgment in favor of defendant and awarded attorney fees to defendant pursuant to Local Court Rule 32. Plaintiff moved for a new trial on the ground that evidence rebutting testimony introduced by defendant regarding a wage freeze was "newly discovered evidence" pursuant to Fed.R.Civ.P. 59(a). The court denied this motion. Plaintiff appeals the order granting defendant's motion for a directed verdict, the award of attorney fees, and the denial of his motion for a new trial.
 
 BREACH OF CONTRACT CLAIM
 
 8
 Plaintiff claims on appeal that his permanent layoff violated an implied contract of employment providing that plaintiff would not be terminated except for just cause. He argues that oral and written statements of defendant constituted an enforceable implied contract under Toussaint v. Blue Cross & Blue Shield of Michigan, 408 Mich. 579, 292 N.W.2d 880 (1980).
 
 
 9
 In considering a motion for directed verdict in a diversity case, the District Court must apply the state's test to determine whether the evidence is legally sufficient to support a verdict. See Moran v. Johns-Manville Sales Corp., 691 F.2d 811, 812 (6th Cir.1982). The standard applied by Michigan courts was expressed in Caldwell v. Fox, 394 Mich. 401, 407, 231 N.W.2d 46, 49 (1975):
 
 
 10
 The jury, not the trial judge, is the trier of fact. Whenever a fact question exists, upon which reasonable persons may differ, the trial judge may not direct a verdict. Conversely, when no fact question exists, the trial judge is justified in directing a verdict. In deciding whether or not to grant a motion for a directed verdict, the trial judge must accord to the non-moving party the benefit of viewing the testimony and all legitimate inferences that may be drawn therefrom in a light most favorable to the non-moving party. If the evidence, when viewed in this manner, establishes a prima facie case, the motion for a directed verdict must be denied.
 
 
 11
 Thus, the Court must consider whether there is sufficient evidence to permit the jury to find for the non-moving party. The District Court in the case before this Court found that the statements and handbook provisions relied upon by plaintiff did not establish an employment contract under Toussaint. We agree.
 
 
 12
 In Toussaint, the Michigan Supreme Court held that the traditional "at will" rule of employment relations did not apply because at the time of his hiring the employee had received a policy manual promising termination only for just cause. The court stated that "[e]mployers are most assuredly free to enter into employment contracts terminable at will without assigning cause. We hold only that an employer's express agreement to terminate only for cause, or statements of company policy and procedure to that effect, can give rise to rights enforceable in contract." Toussaint, 408 Mich. at 610, 292 N.W.2d at 890.
 
 
 13
 In the case before this Court, plaintiff claims that statements made both at the time of his hiring and at the time of the reduction of defendant's work force, as well as provisions in an employee handbook, constitute an implied contract of employment. Plaintiff's situation is factually distinguishable from that of the employee in Toussaint, however. The statement made by Mr. Weinberg, that if plaintiff performed well he would do well, and the hopes expressed by Mr. Powell that plaintiff would not be laid off, cannot be interpreted to mean that plaintiff would not be terminated except for cause. The section of the employee handbook addressing layoffs also fails to support plaintiff's assertion of a "for cause" employment contract. The provision that the employer will consider seniority as one factor in deciding which employees to lay off does not give rise to a contractual duty to terminate only for cause.[2] Plaintiff's subjective belief that he could not be terminated except for cause cannot sustain a claim that defendant breached an implied contract to terminate only for cause. Because there is no objective evidence to substantiate plaintiff's belief, the District Court properly found that there was not sufficient evidence of an implied contract to permit the jury to find for plaintiff.
 
 OTHER CLAIMS
 
 14
 After entry of judgment by the District Court, plaintiff moved for a new trial pursuant to Fed.R.Civ.P. 59(a) and 60. He appeals the denial of this motion. In support of his motion, plaintiff claimed that evidence rebutting Dr. John Henderson's testimony that there was a wage freeze from 1979 to 1983 was "newly discovered evidence." Plaintiff argues that his attorney could not have discovered the evidence during the course of trial, yet the evidence he cites as support for rebuttal is defendant's answers to interrogatories dated May 9, 1983. This evidence is simply not "newly discovered" for purposes of Rule 59(a). Furthermore, as the District Court held, "all of the matters raised in plaintiff's motion relate to potential damages rather than defendant's liability in this case." Joint Appendix at 221. Even if there were some newly discovered evidence regarding the wage freeze question, the District Court must deny the motion for a new trial unless the evidence would probably have produced a different outcome. The jury found that plaintiff had not proved age discrimination. Any evidence relating to whether or not there was a wage freeze could be material only to the issue of damages. The District Court did not abuse its discretion in finding that plaintiff failed to demonstrate any reasonable ground upon which the court should grant a new trial.
 
 
 15
 Plaintiff also claims that the award of attorney fees to defendant is improper. He asserts that attorney fees should be awarded only in cases involving frivolous and unreasonable claims, and that there was not such a case. However, the District Court did not award attorney fees on the ground that the claim was frivolous. It awarded fees pursuant to the Local Court Rules of the United States District Court for the Eastern District of Michigan, Rule 32. This case was mediated and a unanimous mediation panel returned an evaluation in favor of defendant. Sheller-Globe accepted the evaluation and plaintiff rejected it. Under Rule 32(j)(3), plaintiff must pay defendant its "actual costs" of trial, including attorney fees, if it rejects the outcome of mediation and then fails to obtain a verdict in an amount ten percent greater than the evaluation. The District Court did not err in awarding attorney fees.
 
 
 16
 Plaintiff finally claims that the District Court erred in finding that the testimony of Hilbert Nawrocki concerning a statement made by Robert Kerchaert was hearsay. Plaintiff made no attempt to inform the court regarding the substance of the excluded evidence. Fed.R.Evid. 103(a)(2) provides that:
 
 
 17
 Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and ... (2) In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.
 
 
 18
 Having failed to make known the substance of the hearsay evidence, plaintiff may not now claim error.
 
 
 19
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 [1]
 This testimony is quoted in defendant's brief. See Brief of Appellee at 9. No portions of the trial transcript have been included in the joint appendix, however
 
 
 [2]
 Defendant argues that the handbook actually indicates that Sheller-Globe may terminate employees without cause. In a section entitled "Advance Notice of Termination," the handbook provides that:
 In the event it becomes necessary to terminate a Salaried employee, the employee shall be notified as early as possible. This notification shall be at least one pay period and if this minimum notification cannot be given and where termination is not for cause, the Company will pay the employee up to the day which would constitute minimum notification.
 Salaried Employee's Handbook at 12.